STOCKING v. HUTH.

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1911. On Motion for Rehearing, Dec. 20, 1911.)

BROKERS (§ 60*) — COMMISSIONS — WHEN EARNED.

A broker procured a purchaser who entered into a contract for the purchase. The purchaser, though not satisfied with the title, agreed to complete the transaction, if the owner would execute a bond not called for by the contract. The owner and the purchaser could not agree on the bond, and voluntarily rescinded the contract. Held, that the broker had earned his commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig. § 60.*]

Appeal from Bexar County Court; P. H. Shook, Judge.

Action by A. L. Stocking against Alvin Huth. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Leonard Brown, for appellant. M. E. Buckley, for appellee.

COBBS, J. This suit was for the recovery by appellant against appellee for $125, being his alleged commission as a real estate agent in securing William Ziegler, a purchaser, for Huth, who entered into a written contract with appellee to purchase certain real estate property for $2,500. The reason the sale was not completed was because the attorney for Ziegler claimed there were certain defects in the title, pointed out by him in writing, necessary to be cured, and as a mode suggested a bond for title was to be given to guarantee that such defects would be cured. They attempted to agree upon form of bond; Ziegler submitting form of bond for Huth to sign, to which he would not agree. The trade was canceled, and Ziegler permitted by Huth to withdraw the deposit for liquidated damages of $50. Stocking instituted this suit because Huth would not pay his commission. We shall not discuss all the assignments of error, but consider only the questions presented that we think control the case.

In this case the record presents the findings of fact ,of the court and statement of facts as well, which seems unnecessary. The first proposition presented is, in effect, plaintiff procured a purchaser for the property of defendant, who entered into a valid, enforceable contract with defendant, which entitled him to his commissions, whether the contract was consummated or not.

The proof submitted, briefly, appellant secured and brought to Huth Mr. William Ziegler, who was ready, willing, able, and anxious to purchase the property, and he and Huth entered into a satisfactory written agreement. It is a contract for sale and purchase of real property in question, and we shall only comment on that portion necessary to be considered, to wit: "Party of the first part obligated himself to deliver a complete abstract of title to said property; party of the second part to have ten days from date of delivery for examination thereof, and if title is found good then party of the first part shall deliver to party of the second part a general warranty deed, conveying said property to said party of the second part, provided said party of the second part pays in cash the balance agreed upon, and assume said vendor's lien notes for the remainder. Should there be defects in title to said property, said defects being pointed out in writing, party of the first part shall have reasonable time to cure said defects. If party of the first part has good title, and thereupon tenders party of the second part a deed, as hereinbefore provided, and party of the second part fails to accept said deed, and pay balance of purchase money, and execute said notes, then in that case the said W. M. Ziegler's fifty dollars shall be forfeited as liquidated damages, and said above-named party is directed in such event to pay over said money to said party of the first part on demand. If, however, said title is not good, and not made good, in a reasonable time, then it shall be the duty of the above-named party to refund the said fifty dollars deposited as earnest money to the party of the second part, then this contract shall become null and void. Witness our signatures in duplicate, on day and date above set out. Alvin Huth. W. M. Ziegler. Witness: A. L. Stocking." The contract gave Huth a reasonable time in which to cure the defects after being pointed out. Under this contract, Huth could not condemn

the liquidated damages of $50 as such, unless he exhibited a good title upon which he stood ready to execute and tender to Ziegler a general warranty deed conveying the property, providing for the assumption of vendor's lien notes for the remainder, which Ziegler, on his part, refused to carry out. It further provided, in case title is not good or made good in a reasonable time, then Huth was required to refund. Without consent of appellant, Huth and Ziegler, not agreeing to a form of bond for title, not contemplated in the contract, canceled the trade, and Huth turned the money back to Ziegler, and thereby released him.

We think it becomes immaterial whether title was satisfactory or not because seller and proposed purchaser failed to agree upon a form of bond, not contemplated, and both rescinded and abandoned the contract. The purchaser never declined to allow Huth to make his title satisfactory, never declined a deed, for none was tendered, and, had Huth given a satisfactory bond to perfect the title, the trade would have been completed. The agent did his duty—he brought them together. They made a satisfactory contract. They mutually dissolved the contract because Huth would not execute a satisfactory bond; the purchaser then showing his willingness to purchase. According to the opinion of the purchaser's attorney, Mr. Victor Keller, the abstract did not show a record title, what he construed as "a complete abstract of title to said property," as the contract provided. It was not a mere caprice, but such a substantial objection as to cause him to put in writing, and request made for Huth, under the terms of the contract, to correct in a reasonable time, all showing the purchaser's good faith and willingness to purchase and to perform. Huth did not stand upon his contract and tender deed, insisting his title was "good," so as to forfeit the money put up upon the purchaser's refusal to go on, but seemed willing to give a bond for title as demanded by the purchaser, but, acting under the advice of his attorney, refused to sign the bond offered, and his attorney drew another in lieu thereof which Ziegler refused to sign and here, they not being able to agree upon this method, about which appellant seems not to be informed, and, without consulting him in the matter, they annulled the contract, and returned the liquidated damages. In other words, Huth refused to stand on the contract, refused to cure the defects, if any, in effect, and did not put himself in a position where he could say Ziegler refused to purchase, for he did not refuse to purchase, and the proof showed he was still ready and able to do so. This record presents a case where the agent procured a purchaser ready, able, and willing to purchase, and seller and purchaser enter into a written agreement satisfactory to themselves, and seller refused to carry out the contract, cure the defects pointed out in the abstract, thought to be material, and seemed so material on the trial below as to cause him to support his abstract and title by parol testimony on the outside.

Under the view we take of this case, it is not necessary to consider the title, for all this was waived by Huth, who believed his title good when he released Ziegler, having the right to stand on it and require Ziegler to decline to purchase. He did not do so, but, in effect, refused to go on with the contract, rescinded it, and returned the money. The agent did all required of him, and he is therefore entitled to his commissions for producing a satisfactory purchaser, who showed his willingness to perform. We think this case comes under the rule announced in Smye v. Groesbeck et al., 73 S. W. 972. While it is true this case was tried by the court below without a jury, we regard the facts upon which we pass upon this case as undisputed, and so found by the court below, notwithstanding his judgment on the law as applicable thereto with which we cannot agree.

For the reasons given, the judgment of the lower court is reversed and here rendered for appellant.

### On Motion for Rehearing.

Because the action of this court is final, we have carefully reviewed our former opinion and reconsidered the case. We can see no reason to change our views. We have not in any way found facts differing with those found by the court.

The appellant found a purchaser ready, able, and willing to buy. Not being satisfied with the title, he did not refuse to go on, but was still willing to buy if the seller would execute a bond satisfactory to him. This was outside of the written contract. They could not agree on the bond, and this mode was abandoned. Neither the seller or proposed purchaser stood on their respective rights under the contract, but voluntarily rescinded the same. The broker had done his duty. He brought them together, their minds met. They made a satisfactory contract for themselves, and for reasons still satisfactory to themselves the seller allowed the proposed purchaser to withdraw his money, thereby to all intents and purposes conceding the contention of defect of title. He claimed his title was good, and refused to cure the alleged defects. His action must be treated, for the purposes of this suit, as though his title was "not good, and not made good in a reasonable time," so as to authorize the withdrawal of the deposit by the purchaser under terms of the contract, which cannot, under the circumstances, be a defense to appellant's claim for commission.

Motion is overruled.